## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Thomas Yancoskie, on behalf of himself
and all others similarly situated,**
1121 Windsail Cove
Loveland, Ohio 45140

        Plaintiff

v.

**ADT LLC d/b/a ADT Security Services**
c/o Statutory Agent, ADT LLC of Delaware
1501 Yamato Road
Boca Raton, Florida 33431

        Defendant

Case No.: 2:20-cv-00458

**VERIFIED CLASS ACTION
COMPLAINT AND REQUEST
FOR DECLARATORY AND
AND INJUNCTIVE RELIEF**

**Jury Demand Endorsed Herein**

---

### INTRODUCTION AND NATURE OF ACTION

1.     The Fair Credit Reporting Act ("FCRA"), 15 U.S.C, Section 1681b(f) regulates the access and use of consumer reports in order to protect consumer privacy.  This case involves the unauthorized and illegal use of and access to the private financial data contained in the consumer reports of thousands of Ohio consumers for the marketing and/or sale of residential security products and services.

2.     Plaintiff Thomas Yancoskie ("Yancoskie") brings this class action on behalf of the thousands of consumers whose rights under the FCRA were violated and to stop Defendant's practice of illegally accessing and using private financial information.

### JURISDICTION, VENUE AND PARTIES

3.     This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), (b)(3), and (c)(4), as well as S.D. Ohio Civ. R. 23.1-3, seeking monetary, declaratory, and injunctive relief

both individually and for the putative class.

4.      Plaintiff Yancoskie is an individual consumer who resides at 1121 Windsail Cove, Loveland, Ohio 45140.

5.      At all times relevant, unless otherwise indicated, ADT includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives.

6.      ADT regularly engages in business in, and directs its marketing at, Ohio and Ohio consumers.  It has otherwise availed itself of the Ohio marketplace and secured the benefits of that marketplace.  ADT's conduct includes, among other actions, conducting business in Ohio and directing marketing to Ohio consumers in order to solicit their business.  As such, Defendant is subject to this Court's personal jurisdiction.

7.      Defendant ADT LLC d/b/a ADT Security Services ("ADT") is a Florida company, operating from an address at 1501 Yamato Road, Boca Raton, Florida, 33431; ADT solicits Ohio consumers for its residential security products and services.

8.      At all times relevant, unless otherwise indicated, "ADT" or "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named in this Complaint.

9.      Defendant regularly engaged in business in, and direct business at, Ohio, and have otherwise availed themselves of the Ohio marketplace, and secured the benefits of that marketplace.  Their conduct includes, among other actions, in-home direct solicitation of Ohio consumers to market and sell residential security products and services.

10.     Accordingly, Defendant is subject to this court's personal jurisdiction.

11.     This Court has jurisdiction over the subject matter of this litigation. This Court has diversity jurisdiction under 28 U.S.C. § 1332, as recently amended by the Class Action Fairness Act of 2005. This Court also maintains subject matter jurisdiction pursuant to the Fair Credit Reporting Act, as further alleged herein.

12.     This Court has venue to hear this case pursuant to 28 U.S.C. § 1391, among other reasons, because some of the transactions complained of, and out of which this action arose, occurred in the Southern District of Ohio, Eastern Division, where Plaintiff resides.

## STATEMENT OF FACTS

13.     On or about May 30, 2019, a representative from ADT arrived at Yancoskie's home to market/sell ADT's residential security products and services.

14.     The meeting lasted approximately thirty minutes; ADT provided Yancoskie a price quote.

15.     On May 31, 2019, Yancoskie was notified, through his credit monitoring service, ADT conducted a hard credit inquiry on his credit report.

16.     Yancoskie never authorized ADT to access his credit report nor did Yancoskie execute any documents authorizing ADT to access his credit.

17.     On June 1, 2019, Yancoskie emailed ADT requesting they remove the hard credit check from his credit report. Yancoskie indicated he did not authorize ADT to access his credit.

18.     On June 1, 2019, ADT's residential sales manager Gary Turner responded to Yancoskie's email indicating Yancoskie provided authorization to obtain his credit. He wrote "[I]'m very sorry about the confusion surrounding your credit you would have had to provide him with your social security number and date of birth, why would you give him that information if you didn't want your credit run?"

19.     In response, on June 1, 2019, Yancoskie indicated, during the May 30, 2019 meeting, he provided the ADT sales representative his date of birth and the last four digits of his social security

number pursuant to the ADT representative's request to representative's request to "keep the information for his file".  Yancoskie informed the representative that for various reasons he was not ready to move forward at this time, and Yancoskie then explicitly stated, "do not run my credit until you hear from me. I am not purchasing this system today." When requesting the information, the ADT representative never mentioned running Yancoskie's credit report.

20.     In response, on June 1, 2019, Gary Turner wrote "The credit is usually run at the beginning because it determines how you pay for the system and how you pay your monitoring cost going forward. It has to be run before the contract is signed or automatically reverts to you paying the installation cost in full up front and your monitoring cost on an annual basis. Why would you give someone such personal information like your SS and date of birth if you didn't want to proceed with the system?"

21.     ADT maintains business practices and procedures making credit inquiries based solely on a consumer providing a social security number and date of birth regardless of whether it has a legitimate business purpose to do so, and regardless as to whether the consumer has consented to the inquiry.

21.     On or about June 3, 2019, in response to Yancoskie's email complaints, ADT Area General Manager Keith Watters Sr. wrote "Thank you for reaching out to us about your concern. I have spoken with the sales representative that you met with. He confirms he expressly told you we need to check your credit in order to provide monthly pricing. Because you provided your SSN, we believe you consented to this process."

22.     This statement is contradicted by the context of previous emails and is false in its entirety.

23.     Plaintiff knew at the time the ADT sales representative departed his residence that he would not be purchasing the system and he never would have consented to any type of credit inquiry.

22.     Yancoskie never authorized ADT to access his credit report.   And, despite multiple requests, ADT has refused to remove the hard credit check from his credit report.

## CLASS ALLEGATIONS

23.     Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following class:

> **Ohio citizens whose credit reports ADT accessed and/or used without authorization to market/sell its residential security products and services since 2017.**

24.     Plaintiff is a member of this class.   Specifically excluded from the class are the following: (1) Defendant and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

25.     The members of the class are so numerous that joinder is impracticable.   Based upon information and belief, and the allegations above about Defendant's substantial direct marketing campaigns, thousands of Ohioans have been victims of Defendant' scheme.

26.     Common questions of law and fact predominate over any questions solely affecting individual class members.   Among such common questions of law and fact are the following:

> A.  Whether Defendant knowingly accessed the class members' credit information without proper authorization.
>
> B.  Whether Defendant systematically engaged in the long-term illegal practice of accessing credit information without proper authorization.
>
> C.  Whether Defendant systematically and uniformly violates the FCRA by

5

accessing the credit information of Ohio citizens without proper authorization to market and sell its residential security products and services.

27.     Plaintiff's individual claims are typical of their respective class members' claims because the claims all share the same legal basis for recovery, the same predicate facts to liability, and the same basic relief sought. The class claims are identical.

28.     Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has no interest antagonistic to those of other class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation.

29.     A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

A. Given the small size of individual class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $100), few, if any, class members could afford to, or would seek, legal redress individually for the wrongs Defendant has committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in Ohio are pending as of the date of filing this complaint.

B. When the liability of Defendant has been adjudicated, claims of all class members can be administered efficiently and/or determined by the Court.

C. The class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies

of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum.

D. Without this class action, the class members will continue to suffer harm, and Defendant's unlawful conduct will be unaccounted for while they continue to reap benefits of their unlawful activity.

30. No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendant can be readily identified through business records.

31. The respective class seeks preliminary and permanent injunctive relief on behalf of the entire class, on grounds generally applicable to the entire class, to enjoin and prevent Defendant from continuing to illegally access and use the consumer credit information of Ohio residents. Plaintiff also seeks preliminary and permanent injunctive and equitable relief on behalf of the entire class, on grounds generally applicable to the entire class, requiring Defendant to cease accessing the credit information of Ohio citizens without proper authorization.

32. The prosecution of separate actions by or against individual members of the class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the class, which could establish incompatible standards of conduct for the party opposing the class; and/or (ii) adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

A. Notice can be provided to members of the Class by regular U.S. Mail, among other means that satisfy due process and practical concerns.

B. The maintenance of the sub-classes may be appropriate under Fed. R. Civ. P.

23(C)(4).

## COUNT ONE
### Violation of the Fair Credit Reporting Act
### Willful Noncompliance, 15 U.S.C. § 1681n

33.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

34.     Plaintiff is a "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

35.     Defendant either directly, or through other marketing agents, obtained information on Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living from a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

36.     The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

37.     Defendant willfully obtained and used Plaintiff's consumer reports without authorization and without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681n.

38.     Due to Defendant's conduct, Plaintiff has suffered actual damages, including, but not limited to: mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages and embarrassment upon learning that his most private financial data had been accessed and reviewed by ADT and its agents/employees which had no right to such information.

## COUNT TWO
### Violation of the Fair Credit Reporting Act
### Negligent Noncompliance, 15 U.S.C. § 1681o

39.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

40.     As set forth above, Plaintiff is a "consumer" and a "person" as defined by FCRA, 15 U.S.C. § 1681a(b) and (c).

41.     Defendant either directly, or through other marketing agents, obtained information on Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living from a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

42.     The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

43.     Defendant negligently obtained and used Plaintiff's consumer report without authorization and without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

44.     Due to Defendant's conduct, Plaintiff has suffered actual damages, including, but not limited to: mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages, and embarrassment upon learning that his most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the class respectfully request that this Court:

a.      ISSUE a declaratory judgment that Defendant engage in acts and practices in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.;

b.      ISSUE a permanent injunction enjoining Defendant from further accessing and/or misusing credit information in violation of the FCRA;

c.      GRANT statutory damages as provided by the FCRA;

d.      GRANT punitive damages pursuant to Defendant' above-stated FCRA violations;

e.      AWARD costs and reasonable attorney's fees pursuant to the FCRA;

f.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,


**Luftman, Heck & Associates, LLP**

/s/ *Jeremiah E.  Heck*
Jeremiah E.  Heck (0076742)
6253 Riverside Dr., Suite 200
Dublin, Ohio  43017
Phone: (614) 224-1500
Fax: (614) 224-2894
jheck@lawLH.com
*Attorney for Plaintiff*

/s/ *Gregory S. Zuchowski*
Gregory S. Zuchowski (0098449)
6253 Riverside Dr., Suite 200
Dublin, Ohio  43017
Phone: (614) 224-1500
Fax: (614) 224-2894
gzuchowski@lawLH.com
*Attorney for Plaintiff*


**The Law Office of Brian M.  Garvine, LLC**

/s/ *Brian M.  Garvine*, per consent
Brian M.  Garvine (0068422)
5 East Long Street
Suite 1100
Columbus, OH 43215
Phone (614) 223-0290
Fax  (614) 221-3201
brian@garvinelaw.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ *Gregory S. Zuchowski* _____
Gregory S. Zuchowski (0098449)

**VERIFICATION**

I, Thomas Yancoskie, affirm that the facts and allegations contained herein are true to the best of my knowledge, information, and belief.

_Thomas Yancoskie_

Thomas Yancoskie

STATE OF OHIO                    :

                                 : SS

COUNTY OF                        :

BRITTNEY BALLESTEROS
Notary Public, State of Ohio
My Comm. Expires 02/07/2024

Sworn to and subscribed before me this  24  day of  January , 2020.

_Brittney Ballesley_

Notary Public

11